V. Carlisle Halsrud, appellee, v. Tedmar Brodale, appellant.

No. 49015.

(Reported in 77 N.W.2d 922)

July 26, 1956.

Loth & Melton, of Fort Dodge, for appellant.

Franklin Jaqua, of Humboldt, for appellee.

Oliver, J.—Plaintiff and defendant own adjoining lands in a private drainage district. By the contract of the landowners under which it was established in 1916, this drainage district is limited to land in Section 35 only. A tile main starts in plaintiff's land and runs into defendant's land and across other lands to the

1048

district outlet. Plaintiff recently tiled the North Half of the Northeast Quarter of Section 2, which adjoins his land in Section 35, and connected that tile main with the tile main of the private drainage district, in his land in Section 35. Thereafter defendant obstructed the tile main of the drainage district at the place where it entered his land, thus blocking the passage through such tile main of water tiled from the land in Section 2, which is outside the district, and also from plaintiff's land in Section 35, which is in the district. Thereupon plaintiff brought this suit for an injunction against such obstruction. Defendant counterclaimed for an injunction enjoining plaintiff from artificially draining his land in Section 2 into the artificial drain of the private drainage district in Section 35.

Trial resulted in judgment for plaintiff. Thereafter defendant appealed to this court. In that appeal, the decision, reported in 247 Iowa 273, 283, 72 N.W.2d 94, 101, points out that plaintiff is breaching the contract (limiting the district to land in Section 35) under which the district was established and that defendant has the right to have that agreement carried out as it was made and should not be left to an action for damages sustained each time such damages result. The decision concludes:

"The defendant is entitled to an injunction against the connection of the tile drain in Section 2 with the private drainage system in Section 35. The plaintiff should have an injunction prohibiting defendant from interfering with the natural flow of the drain as now laid on Section 35 so long as it is not connected with any drains laid on lands outside said section. * * * The judgment of the trial court is reversed with directions to enter a decree in accordance with this opinion."

Upon remand to the trial court each party presented his proposed judgment and decree. The court rendered judgment in the language proposed by plaintiff. Defendant has again appealed.

I. He assails Paragraphs 2 and 3 of the judgment as rendered and the refusal of his proposed Paragraphs 2 and 3, which cover the same matters, and state:

(Par.) "2. The plaintiff, V. Carlisle Halsrud, his heirs, suc-

cessors and assigns are hereby permanently enjoined from directly or indirectly in any manner, or by any device, attaching or connecting any tile in the North Half of the Northeast Quarter of said Section 2 with, or into, the aforesaid private tile drainage system on said Section 35, or permitting anyone else to do so, or from tiling any of the water in or on said North Half of the Northeast Quarter of Section 2 into the private tile system on said Section 35.

(Par.) "3. The defendant, Tedmar Brodale, his heirs, successors and assigns are hereby permanently enjoined from directly or indirectly in any manner blocking up the private tile system in said Section 35 or placing any obstruction therein to the natural flow of such private drain as now laid in Section 35 so long as it is not connected in any manner with any drains laid in lands outside of said Section 35."

Paragraph 2 of the judgment rendered merely enjoins plaintiff, his heirs, successors, and assigns to the land in Section 35 from connecting the tile drain from Section 2 with the district drainage system. The connection here in question was made within plaintiff's land in Section 35 and the record does not show whether plaintiff has disconnected it. Defendant points to the language of this court that he "is entitled to an injunction against the connection", etc. He complains enjoining plaintiff from connecting would not fully comply with the quoted language and would not fully protect his rights.

We are not prepared to hold the language of the judgment as rendered would not require the disconnection of the tile in question or that it would leave the injunction open to evasion, as suggested by defendant. However, it is clear injunction should issue against the continuance of the connection, and the language of Paragraph 2 proposed by defendant is less subject to question on that point than is the language in Paragraph 2 of the judgment as rendered. It may be observed also, the language of Paragraph 2 proposed by defendant more nearly conforms to that of the decision of this court. This observation is applicable, as well, to Paragraph 3 of the judgment, in which the language proposed by defendant substantially follows that used in the decision of this court. Our decision states also, defendant has

the right to have the contract under which the district was established carried out as it was made and should not be left to an action for damages each time such damages result from a breach thereof.

Although the differences between the two versions of Paragraphs 2 and 3 do not appear great and defendant's apprehension of future difficulties in this matter may be unfounded, the foregoing considerations lead to the conclusion Paragraphs 2 and 3 of the judgment should be in the language proposed by the defendant.

II. Defendant complains also that the judgment should have contained a provision reserving jurisdiction for the purpose of enforcing the decree and carrying out the mandate of the supreme court. We hold such provision unnecessary. The trial court has ample authority to enforce its judgments and orders.

The case is remanded for modification of the judgment in accordance herewith. The costs upon appeal are ordered taxed to appellee.—Modified and remanded.

All JUSTICES concur.